UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:04-CR-301 (MRK) |
| | : | |
| v. | : | |
| | : | |
| BABAR AHMAD | : | March 21, 2007 |

**GOVERNMENT'S NOTICE OF RELATED CASE**

The United States of America respectfully notifies the Court that the case of *United States v. Hassan Abujihaad,* 3:07-CR-57 (SRU), is related to an earlier-filed case, *United States v. Babar Ahmad*, 3:04-CR-301 (MRK), which has been assigned by the Clerk's Office to the Hon. Mark R. Kravitz. The indictment in *Ahmad* was returned on October 6, 2004. The indictment in *Abujihaad* was returned today, March 21, 2007. The random case-designation system of the Clerk's Office has assigned *Abujihaad* to the Hon. Stefan R. Underhill.

The *Ahmad* and *Abujihaad* cases involve closely interrelated charges. In both cases, for example, the defendants are charged with providing material support for terrorism in violation of 18 U.S.C. § 2339A. In relevant part, those charges in both cases stem from allegations that Babar Ahmad – a British citizen living in London – participated in the operation of a family of websites collectively described as Azzam Publications, which supported and promoted violent jihad in various places. Among other things, both indictments charge that Ahmad communicated with a U.S. Navy enlistee assigned to the *U.S.S. Benfold,* and was later found in possession of a document containing classified information about the composition and movements of a U.S. Navy Battle Group which was traveling to the Persian Gulf in 2001. In relevant part, the *Ahmad* indictment contains the following general allegation:

> 15. AHMAD also utilized the email accounts associated with the website to communicate with a U.S. Naval enlistee on the Navy Destroyer the U.S.S. Benfold

which was operating within a U.S. Naval battle group in the Straits of Hormuz in the summer of 2001. AHMAD engaged in communication with the enlistee who was sympathetic to the causes espoused on the azzam family of websites, and praised the terrorist attack of the U.S.S. Cole in March, 2001.

The *Ahmad* indictment also charges the following among various overt acts:

> H. In or about April, 2001, Ahmad gained possession of then classified U.S. Naval plans of a United States Naval battle group operating in the Straits of Hormuz in the form of a document which also discussed the vulnerabilities of the Naval Group to a terrorist attack.

> I. In or about July, 2001, Ahmad, through email accounts associated with Azzam Publications, communicated with a U.S. Naval enlistee who was sympathetic to the views expressed on the Azzam family of websites and praised the attack on the U.S.S. Cole in March, 2001. Ahmad encouraged the enlistee to "keep up the psychological warefare.[sic]"

The *Abujihaad* indictment contains more detailed allegations, in particular those at paragraphs 14-23, which relate directly to the above-quoted charges. Moreover, the *Abujihaad* indictment identifies Abujihaad as the unnamed enlistee who is cited in the *Ahmad* indictment, and additionally charges Abujihaad with unlawful disclosure of national defense information in violation of 18 U.S.C. § 793(d), based on his alleged communication of the battle group information.

This Court's "related case" policy calls for the prosecution or defense to identify, for the benefit of the Court, when cases are "related," at which point the judges presiding over the earlier and later cases shall consult to determine whether the cases are, in fact, related. *See* Memorandum of Chief Judge Alfred V. Covello ("Re: Assignment of Criminal Cases") at ¶4 (Dec. 10, 1999). Assignment of a new related case to the judge presiding over an earlier case may occur "only after that judge determines that the cases are, in fact, related." *Id.; see* D. Conn. L. Cr. R. 50(b) ("In the event that it is subsequently determined that there is pending in this District a related case, . . . such case should normally be assigned to the Judge having the earliest filed case. A case may be

reassigned at the discretion of the Chief Judge, after due consultation with the transferor and transferee Judge."). For reasons of judicial economy and in accordance with the Court's "related case" policy, the Government respectfully recommends that the matters involving Ahmad and Abujihaad be assigned to the docket of a single judge.

The Government is filing identical notices in the *Ahmad* and *Abujihaad* cases.

>
> Respectfully submitted,
>
> KEVIN J. O'CONNOR
> UNITED STATES ATTORNEY
>
>
> STEPHEN B. REYNOLDS
> ASSISTANT U.S. ATTORNEY
> Federal Bar No. ct19105
> 915 Lafayette Boulevard
> Bridgeport, CT 06604
> (203) 696-3000
> fax: (203) 579-5575
> Stephen.Reynolds@usdoj.gov
>
>
> WILLIAM J. NARDINI
> ASSISTANT U.S. ATTORNEY
> Fed Bar No. ct16012
> 157 Church Street, 23d Floor
> New Haven, CT 06510
> (203) 821-3700
> fax (203) 773-5377
> William.Nardini@usdoj.gov

**Certificate of Service**

⎯⎯⎯⎯⎯ This is to certify that on March 21, 2007, a copy of the foregoing was transmitted by email to Dan E. LaBelle, Halloran & Sage LLP, 315 Post Road West, Westport, Connecticut 06880-4739, at labelle@halloran-sage.com.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
WILLIAM J. NARDINI
ASSISTANT UNITED STATES ATTORNEY