UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| | : | |
| v. | : | Case Nos. 3:04CR301(JCH) |
| | : | and 3:06CR194(JCH) |
| | : | |
| BABAR AHMAD | : | |
| AND | : | MAY 1, 2013 |
| SYED TALHA AHSAN | : | |

**RULING AND PROTECTIVE ORDER PURSUANT TO SECTION 4 OF THE
CLASSIFIED INFORMATION PROCEDURES ACT AND FEDERAL RULE OF
CRIMINAL PROCEDURE 16(D)(1)**

This matter is before the court on the Government's First Classified In Camera,
Ex Parte Motion for a Protective Order Pursuant to Section 4 of the Classified
Information Procedures Act, 18 U.S.C. App. III, ("CIPA") and Federal Rule of Criminal
Procedure 16(d)(1), requesting authorization to substitute unclassified summaries in lieu
of disclosing certain original classified materials and to withhold other classified material
in its entirety from discovery.  After in camera, ex parte inspection and consideration of
the Motion and memorandum of law, supporting declarations and exhibits (hereinafter,
"the Submission"), as well as the defendants' opposition and the government's reply
memorandum, the court GRANTS the government's Motion pursuant to Section 4 of
CIPA and Rule 16(d)(1).

## I.     BACKGROUND

Section 4 of CIPA sets forth procedures for discovery of classified information by
defendants.  18 U.S.C. App. III, sect. 4.  Pursuant to this statute, the district court, "upon
a sufficient showing, may authorize the United States to delete specified items of

classified information from documents to be made available to the defendant through discovery . . ., to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove." Id.  "The statute was meant to 'protect[ ] and restrict[ ] the discovery of classified information in a way that does not impair the defendant's right to a fair trial.'" United States v. Aref, 533 F.3d 72, 78 (2d Cir. 2008) (citing United States v. O'Hara, 301 F.3d 563, 568 (7th Cir. 2002)).

The Second Circuit in Aref set forth the appropriate test for a district court to apply in determining whether the government is obligated to turn over classified discovery.  Aref, 533 F.3d at 80; see also United States v. Abu-Jihaad, 630 F.3d 102, 141 (2d Cir. 2010) (setting forth the same test).  First, the district court must decide whether the classified information the Government possesses is discoverable.  If it is, next, the court must determine whether the state-secrets privilege applies.  Aref, 533 F.3d at 80.  The state-secrets privilege applies when (1) "there is 'a reasonable danger that compulsion of the evidence will expose . . . matters which, in the interest of national security, should not be divulged,' and (2) the privilege is 'lodged by the head of the department which has control over the matter, after actual personal consideration by that officer.'"  Id. (citing United States v. Reynolds, 345 U.S. 1, 8, 10 (1953)).  If the classified material is discoverable and the states-secrets privilege applies, the district court must "decide whether the information is helpful or material to the defense, i.e., useful 'to counter the government's case or to bolster a defense.'"  Id. (citing United States v. Stevens, 985 F.2d 1175, 1180 (2d Cir. 1993)).  Even if the material is "helpful or material," if it is cumulative of other discovery already provided to the defense or the

information can be provided in an equally instructive, unclassified format, the government is not obligated to turn over the classified documents.  Abu-Jihaad, 630 F.3d at 141 (stating that the district court did not abuse its discretion in determining that the government did not need to produce two categories of classified documents which were either cumulative or accurately represented by the "production of various letters, FBI reports, and other discovery"); see also United States v. Smith, 780 F.2d 1102, 1110 (4th Cir. 1985) ("A district court may order disclosure only when the information is at least 'essential to the defense,' 'necessary to his defense,' and neither merely cumulative nor corroborative.").

## II.     DISCUSSION

### A.  In Camera, Ex Parte Review

First, the court considers the defendants' argument that the court should deny the government's request to file its section 4 application ex parte.  For the following reasons, the court concludes that the government's Motion was properly filed in camera, ex parte for this court's review, pursuant to CIPA section 4 and Fed. R. Crim. P. 16(d)(1).

"Section 4 of CIPA and Rule 16(d)(1) . . . both authorize ex parte proceedings." Abu-Jihaad, 630 F.3d at 143.  As the Second Circuit has recognized, disclosure of the Submission to the defense would defeat the government's goal in pursuing a protective order.  See id. ("[W]here the government moves to withhold classified information from the defense, 'an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules.'") (quoting Aref, 533 F.3d at 78).

The defendants argue that the court may only review the government's

submission ex parte under "exceptional circumstances."  Joint Mem. in Opp. (Doc. Nos. 61; 64) at 5 (arguing that the court should deny the government's request for ex parte treatment of its section 4 application absent a demonstration of exceptional circumstances).  However, in United States v. Libby, 429 F.Supp.2d 18 (D.D.C. 2006), a case on which the defense heavily relies, the court said explicitly that there is no requirement under CIPA to show exceptional circumstances before proceeding ex parte.  Id. at 24 ("[T]he court declines to adopt the defendant's position that he must first have the opportunity to litigate whether the government has established exceptional circumstances before the government can submit to the [c]ourt ex parte filings pursuant to [s]ection 4.").

Not only do the defendants improperly rely on an "exceptional circumstances" test, they also fail to put forth evidence that there is an exceptional reason in this case to deny the government's Motion to proceed ex parte.  The defendants argue that, "the [c]ourt cannot properly function as defendants' surrogate advocate" and that there is an "overwhelming danger of erroneous decisions."  Joint Mem. in Opp. at 7.  However genuine this fear may be, such concerns apply to all cases in which the court must determine whether classified information is "helpful or material" to the defense.  Were the court to find such arguments "exceptional," it would never allow the government to proceed ex parte, in clear contravention of CIPA's authorization to do so.  See 18 U.S.C. App. III, sect. 4 ("The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone.").

The defendants rely on Libby to further argue that there is no need to proceed ex

4

parte because a member of the defense teams holds a security clearance.  Joint Mem. at 6.  They urge the court to require the government to justify its need for an ex parte hearing by submitting three explanations, as set forth in Libby: (1) "the reasons for the classification of the information at issue;" (2) "the potential harm to national security that could result from its disclosure;" and (3) "why the defense, based upon appropriate classification guidelines, does not have a 'need-to-know the information' in its unaltered form."  Libby, 429 F.Supp.2d at 25.

First, it should be noted that the Libby court did not create an obligatory test that must be performed whenever a member of the defense team holds a security clearance.  The Libby court recognized that, "CIPA does not provide a detailed roadmap for courts to follow" and that Congress expected trial judges to "fashion creative solutions in the interests of justice for classified information problems."  Id. at 22.  The test set forth in Libby was merely that trial court's "creative solution" for addressing classified discovery in that case.

However, even if this court were to apply the Libby court's test, it is the government's argument, and this court's conclusion, that the government has abided by the test and established why the court should proceed ex parte.  The government has come forward with material to meet the first two requirements of the Libby test.  As to the third representation, the government argues that, because none of the classified discovery is "helpful or relevant" under the Aref analysis, the material is not discoverable under CIPA and, therefore, the defendants do not have a "need-to-know" the

information.[1] See Gov't Reply (Doc. Nos. 62; 65) at 5-6; see also United States v. Abu-Jihaad, 2007 WL 2972623, at *2 (D. Conn. Oct. 11, 2007) (stating that, if "the [c]ourt decides that the information is not discoverable at all, [d]efendant is not entitled to production of the information, regardless [of] whether his counsel is willing to submit to security clearance procedures").  Because the court finds that, in accordance with section 4, the classified information is not discoverable, "a clearance would not have entitled the defense to see any of the information."  See United States v. Amawi, 695 F.3d 457, 473 (6th Cir. 2012) ("The possession of a security clearance only becomes relevant after the district court determines, in accordance with section 4, that any classified information is discoverable.").  Therefore, the court concludes that it was appropriate for the government to proceed on the Motion on an ex parte basis.

B.  Discoverable Material

The Government has only provided to the court material that it claims may be discoverable, i.e., possibly relevant to the case.  Documents that do not meet this threshold are not presented to the court and the court does not pass judgment as to whether any material it did not review is or is not discoverable.  It remains the government's obligation, as in any case, to determine what information within its possession is discoverable.

C.  Invocation of State Secrets Privilege

The court finds that the government has properly invoked the state secrets privilege over the classified information at issue in the Motion.  The classified

---

[1] To the extent that the court approved the government's request to substitute unclassified summaries for certain classified documents, the court also finds that there is no "need-to-know" the information as the defendants have access to the same information in an unclassified format.

6

declarations submitted in support of the government's Motion identify specific facts

establishing that the material at issue is classified at the SECRET level, see Exec.

Order 13,526 § 1.2(a)(2), 75 Fed. Reg. 707, 707-8 (Dec. 29, 2009), and

"demonstrat[ing] a reasonable danger that disclosure would jeopardize national

security." Abu-Jihaad, 630 F.3d at 141.  The privilege was properly invoked by Attorney

General Eric H. Holder, Jr., who is "the head of the department which has control over

the matter, after [his] actual personal consideration." See id. at 141 & n.34; see also

Aref, 533 F.3d at 80.

      D.  Deletion of Certain Classified Materials from Discovery

      The government seeks to delete specific classified materials from discovery,

arguing that they are not discoverable under applicable law.  Based on the court's own

review of the classified materials, the court agrees that, while the information contained

within the classified materials is tangentially relevant to the cases of defendants Ahmad

or Ahsan, it is not "helpful or material to the defense," in that it is not "useful 'to counter

the government's case or to bolster a defense.'" Abu-Jihaad, 630 F.3d at 141 (quoting

United States v. Stewart, 590 F.3d 93, 131 (2d Cir 2009)).  Nor is it exculpatory or

useful for impeachment of any potential witness the government intends to call at trial.[2]

In addition, much of it is cumulative of information that the government represents has

been or will be disclosed to the defendants in the course of discovery.  For all of these

reasons, the court finds that the government has no obligation to disclose the classified

materials.  See id. at 142.  Accordingly, the Court ORDERS that the government need

not disclose to the defense the classified materials provided for in camera, ex parte

---

   [2] The government represented to the court that, if the person were to be called as a witness,
discovery of the pertinent documents would be revisited.

review in the Submission.

      E.  <u>Substitution of Summaries of Classified Source Materials</u>

The government has also requested authorization to produce to the defendants in discovery unclassified summaries as substitutes for certain classified materials.  After reviewing the proposed summaries and the original classified materials, the court finds that the government's discovery obligations with respect to the classified materials, pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and their progeny, or Federal Rule of Criminal Procedure 16, may be satisfied by disclosure of the proposed unclassified summaries to each defendant.  The summaries provide the defendants with substantially the same ability to make their defense as would disclosure of the original classified materials.  Accordingly, pursuant to Section 4 of CIPA and Rule 16(d)(1), the court ORDERS that the government is authorized to substitute the proposed unclassified summaries of the specific information at issue in the form proposed in the Submission and need not disclose the original classified materials to either defendant.

      **F.  CONCLUSION**

For the foregoing reasons, the Government's Motion is GRANTED.  The court further orders that the government's Submission is hereby sealed and shall be maintained in a facility appropriate for the storage of such classified information by the Classified Information Security Officer as the designee of the Clerk of Court, in accordance with established security procedures, until further order of this court.

**SO ORDERED.**

Dated at New Haven, Connecticut, this 1st day of May, 2013.


      /s/ Janet C. Hall

Janet C. Hall
United States District Judge